**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 2, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

ANTHONY SHRONE PERSON,

    Petitioner - Appellant,

v.

RAMMA M. JONES; ALANNAH M.
ATKINS; DANIEL PATTON; TYLER
CRAIG BICKERTON,

    Respondents - Appellees.

No. 23-6135
(D.C. No. 5:23-CV-00695-HE)
(W.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **HOLMES**, Chief Judge, **EBEL** and **BACHARACH**, Circuit Judges.
_____

Anthony Shrone Person, proceeding pro se, seeks a certificate of appealability

(COA) to appeal from the district court's order construing his motion to commence

criminal proceedings as an unauthorized second or successive 28 U.S.C. § 2254 habeas

petition and dismissing it for lack of jurisdiction. We deny a COA and dismiss this

matter.

Mr. Person was convicted on eighteen counts of sexual assault in Washington state

court. He filed a § 2254 habeas petition in federal district court in Washington state, but

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

that court dismissed the petition because Mr. Person had not exhausted his state court remedies. After the Washington State Court of Appeals affirmed his convictions, he filed a second § 2254 habeas petition in federal district court in Washington state. Shortly thereafter he filed a pleading in the Western District of Oklahoma titled "Motion [to] Commence Criminal Proceedings Pursuant [to] Fed Rule 3 and 4 Criminal Procedure § 603.02(1)(2)(a)(b)(c)(d) Designation of Records." R. at 5 (internal quotation marks omitted).

In his motion, Mr. Person challenged the validity of his convictions, arguing they were based on false complaints filed against him by his ex-wife and three of his children that the State of Washington knew were false. He also asserted that his ex-wife and children, along with the police detective and deputy prosecutor, should be criminally investigated and prosecuted for their actions.

Based on the nature of Mr. Person's contentions in his motion, a magistrate judge construed the pleading as a § 2254 habeas petition, and recommended it be dismissed for lack of jurisdiction as an unauthorized second or successive petition. The magistrate judge also noted that, in addition to the court lacking jurisdiction over the successive habeas petition, the court was not authorized to grant the other relief Mr. Person requested—to commence criminal charges against the defendants. Mr. Person objected to the magistrate judge's report and recommendation, arguing that his criminal complaint against the defendants should not be construed as a habeas petition.

The district court considered the objection, but explained that Mr. Person, as a private citizen, lacked standing to pursue a criminal complaint. The court adopted the

2

magistrate judge's report and recommendation and concluded that whether Mr. Person's filing is construed as a motion to commence a criminal proceeding or as a habeas petition, it would be dismissed.  Mr. Person now seeks a COA to appeal from the district court's order.

To obtain a COA where, as here, a district court has dismissed a filing on procedural grounds, Mr. Person must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  We need not address the constitutional question if we conclude that reasonable jurists would not debate the district court's resolution of the procedural one.  *Id.* at 485.

A state prisoner, like Mr. Person, may not file a second or successive § 2254 habeas petition unless he first obtains an order from the appropriate court of appeals authorizing the district court to consider the petition.[1]  28 U.S.C. § 2244(b)(3)(A).  Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2254 habeas petition.  *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

---

[1] The magistrate judge noted that the appropriate court of appeals would be the Ninth Circuit because Mr. Person is incarcerated in Washington state and was convicted there.  But the magistrate judge further explained it would not be in the interest of justice to transfer Mr. Person's petition to the Ninth Circuit because he already has a similar habeas petition pending in the Western District of Washington.

3

Mr. Person contends in his COA application that he filed a criminal complaint, not a habeas petition. But in his filing in district court he asserted that his conviction violates the Due Process Clause of the Fourteenth Amendment because it was obtained through the use of false evidence. And he continues to assert in this court that he has been "wrongfully and unlawfully incarcerated by Washington state actors that have violated the evidence rules and 'Brady' precedent."[2] COA Appl. at 7. Mr. Person's assertions in district court and in this court track the language in § 2254, which provides that "a person in custody pursuant to the judgment of a State court" may seek a writ of habeas corpus "on the ground that he is in custody in violation of the Constitution." 28 U.S.C. § 2254(a). Mr. Person has therefore failed to show that jurists of reason would debate the correctness of the district court's procedural ruling construing his filing as an unauthorized second or successive § 2254 habeas petition and dismissing it for lack of jurisdiction.

Alternatively, even if Mr. Person's filing is treated as a motion to commence criminal proceedings, the district court explained that a private citizen lacks standing to pursue a criminal complaint and therefore the motion would be dismissed. Without citing any authority, Mr. Person contends that "[c]riminal complaints can be brought by private citizens." COA Appl. at 8. But the Supreme Court has held that a private citizen may

---

[2] In *Brady v. Maryland,* 373 U.S. 83, 87 (1963), the Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates [the Due Process Clause of the Fourteenth Amendment] where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."

not compel the State to enforce a law against another person because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986) (internal quotation marks omitted). We therefore also affirm the district court's alternative holding.

For the foregoing reasons, we deny a COA and dismiss this matter. We grant Mr. Person's motion for leave to proceed on appeal without prepayment of costs or fees. We deny all other pending motions.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk